## BROWN *v.* STEVENS.

1. DANGEROUS PREMISES—TRAPDOOR IN STORE FLOOR—INJURY TO CUSTOMER—CONTRIBUTORY NEGLIGENCE.

Where a customer was told that he would find what he wanted in the back part of the store, and, in walking back, was injured by falling into an open trapdoor in the middle of the floor space provided for the use of customers, *held*, that, un-

less properly warned, he had a right to rely on the safety of the floor, and was not guilty of contributory negligence, though he might have seen the opening had he looked.

2. SAME—NEGLIGENCE—SUFFICIENCY OF WARNING.

A storekeeper who knew that a customer, a stranger in the store, whom he directed to the rear of the store, had defective eyesight, and concedes that his appearance was not that of one in the possession of the ordinary faculties, did not perform his full duty, though not knowing he was deaf, in merely saying to him, in an ordinary tone of voice, to look out for the trapdoor, which was open, without telling him where it was; it being in the middle of the floor space provided for the use of customers, and where he could see persons standing around.

Error to Montcalm; Davis, J. Submitted March 15, 1904. (Docket No. 117.) Decided April 5, 1904.

Case by Christian Brown against George W. Stevens and Egbert G. Stevens, copartners as G. W. Stevens & Son, for personal injuries. From a judgment for plaintiff, defendants bring error. Affirmed.

Plaintiff fell into an elevator opening in the floor of the defendants' store, and was injured. He recovered a verdict of $700. The negligence alleged was leaving this opening unguarded, and giving no proper notice to the plaintiff of the danger.

The defendants' store was 100 feet long by 20 feet wide. The basement was 8 feet deep. The first floor of the building, which consisted of two stories, was the general salesroom, with counters along the north side nearly the entire length. On the south side were tables for crockery and goods of various kinds. About midway between the two ends of the store was a trapdoor extending from 6 to 8 feet north and south, and 4 to 6 feet east and west. It extended nearly across the entire space used for customers in passing to and fro. There was no railing around the opening, and no protection when the trapdoor was open for raising material from the cellar. At the time of

the accident, two of the defendants' employés were hoisting doors from the basement to the salesroom above; one being in the basement, and the other at the opening on the first floor. Some doors had just been raised, and the employé, assisted by a customer named Vogel, who happened to be standing near by, was pulling them away from the opening, when the plaintiff walked along the floor and fell in. Two other persons besides the employé and Mr. Vogel were standing around the opening.

Plaintiff was 53 years old, of very defective eyesight, and always had been. In walking he stooped over, turning his head to one side, had a "shambling" gait, walked like a man intoxicated, and appeared to be cross-eyed. His hearing also was somewhat impaired. On account of these physical defects he was unable to do much labor, and the damages were limited to pain, suffering, and physical injuries. His intellect was not acute, but the court instructed the jury that he had sufficient intelligence to be responsible for any notice or warning of danger given to him. Plaintiff lived in the country, had never been in the store before but once, and knew nothing about the trapdoor or elevator. He went into the store to buy a corn-planter for a neighbor. Defendant Egbert G. Stevens was in the front part of the store, and told him he had some corn-planters in the back end. Plaintiff testified that he said something else that he did not understand. Plaintiff then went towards the back end of the store to see the corn-planter, and fell into the opening. Those standing about the opening saw him, and supposed he saw the opening. There was a window in the back end of the store, the light from which struck the floor a distance beyond the opening. As plaintiff approached the opening no warning was given. He gave evidence tending to show a serious injury. The three persons standing around the opening testified that defendant Egbert came up to the opening after plaintiff fell, and stated that he did not think about the hole being open at the time he sent plaintiff

back to get a corn-planter. There was also testimony that Egbert said, "I knew he was almost blind."

The record states that the defendants gave testimony tending to show that defendants were not aware of plaintiff's defective eyesight, but that in walking he stooped over, turned his head to one side, had a shambling gait, walked like a man intoxicated, and appeared to be crosseyed; that plaintiff had some conversation with Egbert G. Stevens about a corn-planter, then went out to the front door; that he subsequently returned into the store, and, while passing the office desk, Mr. Stevens said to him to be careful or look out, that the trapdoor was open.

*N. O. Griswold (John S. Tennant, of counsel), for appellants.*

*Charles L. Rarden and Frank A. Miller (C. B. Rarden, of counsel), for appellee.*

GRANT, J. *(after stating the facts).* 1. This case in all its essential features is ruled by *McCrum* v. *Weil & Co.,* 125 Mich. 297 (84 N. W. 282). See, also, *Pelton* v. *Schmidt,* 104 Mich. 349 (62 N. W. 552, 53 Am. St. Rep. 462); *Neff* v. *Inhabitants of Wellesley,* 148 Mass. 487 (20 N. E. 111, 2 L. R. A. 500); *Smith* v. *Wildes,* 143 Mass. 556 (10 N. E. 446); *Hendricken* v. *Meadows,* 154 Mass. 601 (28 N. E. 1054).

2. The plaintiff was not guilty of contributory negligence unless he was warned of the danger. Unless he received such warning, he was justified in believing that the floor was in safe condition for him to walk over, and he could not be held guilty of contributory negligence, even though he might have seen the opening had he looked. When merchants invite their cutomers to walk over their floors in front of their counters for the purpose of examining their goods and making purchases, such customers have a right to rely upon the safety of the floor. (See authorities above cited.) The fact that others were standing around would be no notice of danger. On the other hand, their

presence might partly have concealed the opening, and furnished an additional reason for believing that no opening was there, even if he had been informed that there was an opening somewhere.

3. The defendants requested the court to submit the following special question:

"Did the defendant Egbert G. Stevens notify the plaintiff, Christian Brown, when in the defendants' store before he fell, to look out, for the trapdoor was open, or use words to that effect to him?"

The question as submitted read thus:

"Did the defendant Egbert G. Stevens notify the plaintiff, Christian Brown, when in the defendants' store before he fell, in a manner that he ought to have heard it, to look out, for the trapdoor was open, or use words of that effect to him?"

It is urged that there was no evidence tending to show that defendant Egbert G. Stevens knew that plaintiff was deaf, and that therefore defendants had performed their full duty by saying to him in an ordinary tone of voice that the trapdoor was open, and to look out. We do not think that defendants performed their full duty to plaintiff, if they knew his eyesight was very defective, by simply notifying him to look out for the trapdoor. Plaintiff was in the store upon their invitation. He had been invited to go to the back end. He was a stranger there. They did not inform him where the trapdoor was. Naturally, he would not presume it to be where he, with his defective eyesight, saw people standing. Neither would he presume it to be in the middle of the floor space provided for the use of customers. According to their own testimony, his appearance was like that of one intoxicated, and not that of one in the possession of ordinary faculties. Under the circumstances, it was their duty to do something more than to tell him in an ordinary tone of voice to look out for the trapdoor. Every one, whether his eyesight is good or bad, has the right to assume that the floor

of a store, where he can see persons standing around, is perfectly safe.

We have examined the testimony upon the question of damages, and the allegations of error in connection therewith. We find no error in them, and do not consider them of sufficient importance to the profession to discuss.

Judgment affirmed.

The other Justices concurred.