EVANS *v.* S. S. KRESGE CO.

ON REHEARING.

1. APPEAL AND ERROR—STATEMENT OF QUESTIONS INVOLVED—DIRECTED VERDICT.

Question reading: "Is a jury question raised as to defendant storekeeper's liability for negligence, upon the mere showing that while plaintiff was walking in an aisle of the store, she slipped and fell near the end of a lunch counter at which they sell barbecue and hot dog sandwiches, discovering after she had fallen that there was on her foot, a piece of fat meat sticking out of the side of her foot, there being no showing that the meat caused her to slip?" sufficiently presented the question of whether the court was in error in refusing to direct a verdict as requested at the close of plaintiff's proofs.

2. NEGLIGENCE—STOREKEEPERS—CONDITION OF FLOOR—INFERENCES—DIRECTED VERDICT.

In action for damages for injuries sustained by plaintiff as she fell while passing in front of defendant's lunch counter on her way to another part of the store, evidence most favorable to plaintiff at close of her proofs when defendant moved for a directed verdict, showing that, on some previous occasions, greasy paper napkins were observed upon the floor, but which failed to disclose how long they were left there *held*, not to justify inference that storekeeper was negligent as he is not an insurer of the safety of customers regardless of care exercised.

3. SAME—STOREKEEPERS—BURDEN OF PROOF.

Plaintiff customer who failed to establish that she was injured by reason of the failure of defendant storekeeper to maintain

reasonable supervision relative to keeping the floor clear of particles of food or other substances likely to cause customers to slip thereon, although such was her theory of defendant's negligence, was not entitled to recover damages.

SHARPE, CHANDLER, and MCALLISTER, JJ., dissenting.

Appeal from Genesee; Elliott (Philip), J. Submitted April 5, 1939. (Docket No. 24, Calendar No. 40,361.) Decided November 9, 1939. Submitted on rehearing March 2, 1940. Decided April 1, 1940.

Case by Alice Evans against S. S. Kresge Company, a corporation, for damages for personal injuries sustained by falling in a store. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial on rehearing.

*Ralph M. Freeman,* for plaintiff.

*Millard & Roberts* and *Alexander, McCaslin & Cholette,* for defendant.

*Charles R. Fox, amicus curiæ,* on petition for rehearing.

MCALLISTER, J. On November 9, 1934, plaintiff entered defendant's store in the city of Flint and, after walking about 20 feet down an aisle, slipped and fell, suffering serious injury. After she had fallen, she noticed a piece of fatty meat, about the size of a dollar, mashed on the sole of her shoe.

Just inside the door of the store, defendant has a lunch counter approximately 25 feet long and about 4½ feet high. Hamburg sandwiches, barbequed meat, and soft drinks are sold at the counter. There are no stools or chairs for the customers. When they eat they stand in the aisle at the lunch counter, or cross to the other side of the aisle and eat at a candy counter. There was testimony that greasy paper napkins were thrown on the floor of the aisle from time to time, and that pieces of meat and food fre-

quently dropped on the floor as the result of people eating in the aisles. Defendant claims that a lookout is kept for such food fragments on the floor and that a porter is employed whose sole duty it is to sweep the floor of the aisle at certain hours during the day. Several thousand people visit the store daily.

Plaintiff brought suit against defendant alleging that it was guilty of negligence in failing to use reasonable care in maintaining a safe passageway in the store, and that her injuries resulted from such negligence. The jury rendered a verdict in favor of plaintiff; and the court denied a motion for judgment *non obstante veredicto,* and for a new trial.

Defendant claimed that plaintiff was guilty of contributory negligence in not seeing the meat on the floor before she slipped upon it; and that there was no evidence of any negligence on its part. Negligence would not be imputed to plaintiff for failing to look out for danger if, under the surrounding circumstances, she had no reason to suspect that such danger was to be apprehended. *Lawrence* v. *Bartling & Dull Co.,* 255 Mich. 580; Baldwin, Personal Injuries (2d Ed.), p. 138, § 146. See 45 C. J. p. 954. Plaintiff was not patronizing the lunch counter, but was proceeding in the aisle to the stocking department. She could not be said, as a matter of law, to be under obligation to look for an unsafe condition of the floor. *Brown* v. *Stevens,* 136 Mich. 311 (16 Am. Neg. Rep. 101) ; *Wine* v. *Newcomb, Endicott & Co.,* 203 Mich. 445.

*Filipowicz* v. *S. S. Kresge Co.,* 281 Mich. 90, relied upon by defendant, can be distinguished from the facts in the instant case. In that case the plaintiff was injured as a result of slipping on a stairway. After receiving medical treatment on the premises and leaving the store, she discovered that her dress and stockings had black grease marks upon them, and afterward testified that the stairway had felt as

though it were slippery. A judgment in her favor was set aside on the ground that there was no evidence as to how the grease got upon the stairway and that defendant had no knowledge of its presence, nor had it been on the steps long enough so that its employees should have known of it. In the case before us, there was considerable evidence that on the floor upon which plaintiff slipped there were often bits of meat and greasy paper napkins. It is a fair inference that defendant's employees either knew of such generally prevalent conditions or should have known of them.

With regard to defendant's claim that there was no evidence of negligence on its part, while it appears that there was no proof as to how long the meat, upon which plaintiff slipped, had been on the floor, or whether it had fallen from the lunch counter or from the hands of a customer, reasonable inferences may be drawn from the facts. From testimony that pieces of meat often fell on the floor of the aisle, and that greasy napkins were often dropped in the aisle, it is a fair inference that the meat upon which plaintiff slipped came from the lunch counter; and that, because of the fact that such greasy food and greasy napkins were often on the floor, defendant was negligent in not maintaining the aisle in a reasonably safe condition for customers of the store and especially plaintiff. Under the testimony, such legitimate inferences could be drawn from the facts, by a jury. The question of defendant's negligence was one of fact.

Judgment affirmed, with costs to plaintiff.

Sharpe, Potter, and Chandler, JJ., concurred with McAllister, J.

Wiest, J. (*dissenting*). I do not entertain the views expressed in the opinion of Mr. Justice McAllister.

Liability of defendant, if any, must rest upon actionable negligence. Storekeepers are not insurers of the safety of customers. *Filipowicz* v. *S. S. Kresge Co.*, 281 Mich. 90.

My Brother's opinion fails to recognize the distinction between conditions occasioned by acts of a storekeeper or his employees and acts of third persons. If a condition liable to cause personal injury to a customer is occasioned by the storekeeper or any employee, no notice thereof and time for remedy is necessary in order to fasten actionable liability. If a condition liable to cause personal injury to a customer is occasioned by another customer, then liability of the storekeeper must rest upon failure to exercise reasonable inspection likely to disclose the menace and neglect to make removal thereof.

The evidence does not show how or when the piece of meat got on the floor, but it is fair to assume that some patron at the lunch counter dropped it and, if so, it was the act of a third party and the mentioned rule in such a case applies. The fact that at other times pieces of meat and greasy paper napkins were upon the floor does not, without more, warrant a holding of want of inspection and negligence even in such instances and, much less, supply evidence of want of reasonable inspection and negligent failure to make removal of the piece of meat in the instance at bar.

The rule stated in *Carpenter* v. *Herpolsheimer's Co.*, 278 Mich. 697, and in *Filipowicz* v. *S. S. Kresge Co.*, *supra,* applies to this case. See, also, notation in 100 A. L. R. 744 *et seq.*

The record does not establish liability on the part of defendant, and the judgment should be reversed without a new trial and with costs to defendant.

BUSHNELL and NORTH, JJ., concurred with WIEST, J. BUTZEL, C. J., did not sit.

ON REHEARING.

WIEST, J.   The statement of questions involved
included the claim that under plaintiff's proofs no
jury question was presented, and the brief for de-
fendant argues the point of whether a verdict should
have been directed for defendant, as presented by
question number one, reading:

"Is a jury question raised as to defendant store-
keeper's liability for negligence, upon the mere
showing that while plaintiff was walking in an aisle
of the store, she slipped and fell near the end of a
lunch counter at which they sell barbecue and hot
dog sandwiches, discovering after she had fallen
that there was on her foot, a piece of fat meat stick-
ing out of the side of her foot, there being no show-
ing that the meat caused her to slip?"

This sufficiently presented the question of whether
the court was in error in refusing to direct a verdict
as requested.

At the close of plaintiff's proofs defendant moved
for a directed verdict on the ground that no action-
able negligence had been shown.

Upon rehearing we are of the opinion that the
court was in error in denying the motion.

At that time the evidence most favorable to plain-
tiff on the question of defendant's negligence was
that, on some previous occasions, greasy paper nap-
kins were observed upon the floor, but how long they
were left there was not disclosed.   The testimony
that on one occasion a bone was on the floor, and on
the day of the accident the daughter of the witness
dropped a piece of "hot dog" on the floor, was
stricken out by the court, and no review of the rul-
ing sought by plaintiff.

In the former majority opinion it was stated:

"From testimony that pieces of meat often fell
on the floor of the aisle, and that greasy napkins

were often dropped in the aisle, it is a fair inference that the meat upon which plaintiff slipped came from the lunch counter; and that, because of the fact that such greasy food and greasy napkins were often on the floor, defendant was negligent in not maintaining the aisle in a reasonably safe condition for customers of the store and especially plaintiff. Under the testimony, such legitimate inferences could be drawn from the facts, by a jury.''

This statement employs consideration of stricken out testimony as a premise from which to draw an inference of negligence on the part of defendant causing the accident to the plaintiff. An inference of negligence in the particular claimed to have caused injury to plaintiff cannot be drawn from the fact that on other occasions, and not on the occasion in suit, greasy napkins were seen upon the floor, without further evidence that they remained there by reason of the negligence of defendant in his failure to exercise reasonable care and supervision over the premises. To do so would make defendant an insurer regardless of care exercised.

Plaintiff, in order to recover damages, had to show that she was injured by reason of the failure of the defendant in the instance at bar to maintain reasonable supervision relative to keeping the floor clear of particles of food or other substances likely to cause customers to slip thereon. This plaintiff did not establish, and the difficulty in doing so should not lead this court to make bad law.

At the close of plaintiff's proofs defendant was in point of fact and law entitled to a directed verdict as requested.

The judgment is reversed without a new trial, and with costs to defendant.

BUSHNELL, C. J., and POTTER and NORTH, JJ., concurred with WIEST, J.

McALLISTER, J. (*dissenting*). Because of a shift of emphasis upon procedure, it is pertinent to restate briefly certain facts. Plaintiff testified that after she fell, she looked down and saw what appeared to be a piece of fat meat squashed on the sole of her shoe; that she fell close to the counter where hamburg and barbecue sandwiches and "hot dogs" were sold and served on paper napkins; another witness testified that there were almost always greasy paper napkins on the floor. After the above proofs were in, a motion to direct a verdict was denied by the court. Thereafter, on behalf of defendant, its assistant manager testified that meat particles and particles of bone or bread frequently fell on the floor. The former "floor man" of defendant company testified on behalf of defendant as follows:

"*Q.* Well, in your experience, basing your observations there at the store there at that time, did you notice that food particles consisting of meat scraps and other food particles, napkins, frequently fell to the floor in front of the lunch counter?

"*A.* Well, I have seen it on the floor; yes, sir. By frequently—I don't know what you mean by that.

"*Q.* Well, when I say frequently, did you see such things on the floor?

"*A.* Well, often enough to have to keep a sharp lookout for that."

It is claimed that the court erred in not directing a verdict at the close of plaintiff's proofs. The "statement of questions involved" did not include this claim of error. We are of the opinion that under the circumstances the alleged error does not call for reversal.

In answer to defendant's other contentions, evidence that pieces of meat and bread fell in the aisle from time to time, and that there were usually greasy

napkins on the floor, would warrant the jury in drawing reasonable inferences that the defendant was, in view of the known circumstances, negligent in not maintaining the aisle in a reasonably safe condition. Of course, the defendant is not an insurer of the safety of those who use the store, but it is responsible for conditions that may be found generally to exist, and if such conditions exist as a result of negligence and constitute a danger to customers that may result in injury to them, defendant is liable for damages resulting therefrom.

Judgment should be affirmed, on rehearing, with costs to plaintiff.

SHARPE and CHANDLER, JJ., concurred with McALLISTER, J. BUTZEL, J., did not sit.