YEARSLEY v. CITY BANK.

Negligence—Polished Floor—Evidence of Unusual Condition.
Plaintiff, customer of defendant bank, who had the misfortune of an accident by fracturing her foot when she slipped on polished floor as she was about to leave the bank, failed to prove some actionable element of negligence charged in that she failed to show there was an unusual condition which caused her fall.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted October 5, 1960. (Docket No. 16, Calendar No. 48,500.) Decided December 1, 1960.

Case by Evelyn Yearsley against City Bank, a Michigan corporation, for injuries suffered in fall on polished tile floor. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Mansfield, DeWitt & Sulzbach,* for plaintiff.

*Ward, Plunkett & Cooney,* for defendant.

References for Points in Headnotes
38 Am Jur, Negligence §§ 102, 136.
Liability of proprietor of store, office, or similar business premises for fall on floor made slippery by waxing or oiling. 63 ALR2d 591.

PER CURIAM. Plaintiff, "a middle-aged lady," entered the Oak Park branch of the defendant bank to transact business. She walked to a service table, where she filled out a deposit slip. She then walked to a teller's window. Her business having been transacted, plaintiff turned and walked some 12 to 15 steps toward the doorway; intending to leave the bank. At this point she slipped and fell, suffering a fractured foot.

Suing the bank for negligence, plaintiff charged such negligence as follows:

"4. That the said defendant corporation did fail in its duty to maintain such reasonably safe conditions at the aforementioned branch bank located at 13701 Nine Mile road, Oak Park, Michigan by

"(a) Using as a basic material on its floors in the above mentioned building, a foreign and exotic material which was and is extremely smooth and glossy, when it knew or ought to have known that there were and are several materials as readily or more readily available which would have provided a much safer flooring material, and that said defendant corporation did fail to use such safer materials when it knew or ought to have known that such flooring materials created a latent and potential, though totally unnecessary danger to the general public, including plaintiff, who would be using and walking upon the above-mentioned floors, thus maintaining a dangerous instrumentality.

"(b) In negligently selecting and retaining employees who would polish or allow to be polished the above-mentioned flooring materials to such an extent that the said floors became extremely glossy, slippery and dangerous to the general public and customers which defendant corporation knew would traverse said floors, thereby creating or allowing to be created a dangerous nuisance."

Her counsel outlines the claimed proof of negligence thus:

"Up to the time she fell, Mrs. Yearsley had made only casual observation of the condition of the floor, watching only where she was going. After falling, she observed the floor to be very slippery, shiny, and highly polished. Both she and her son testified, to this effect, as to the condition of the floor."

At close of the proofs the trial judge directed a verdict for defendant, holding that there was no proof of negligence as charged. Plaintiff, appealing, relies particularly on certain language appearing in *Hulett* v. *Great Atlantic & Pacific Tea Co.*, 299 Mich 59, specifically that portion of the opinion which appears on pages 66 and 67 of the report. She emphasizes the quotation from *Galarno* v. *Great Atlantic & Pacific Tea Co.*, 260 Mich 113 (quoted in the margin\*), and argues for reversal this way:

"Change the word 'oiled' to 'polished' and you have exactly the same situation in the case at bar as in the *Hulett* and *Galarno* cases. Plaintiff's testimony is that the floor was so highly polished that it caused her to slip and fall. Whether the floor was improperly polished, whether there was an unusual condition and whether the polishing was done in a proper manner is clearly a question for the jury."

Judge Fitzgerald was right in holding that plaintiff showed no unusual condition of the construction or surface of the floor in the area of her fall; also that she showed no variation of surface conditions as between such area and other portions of the public quarters of the bank over which she had walked and others were walking. The case is governed by views recorded in *Bisceglia* v. *Cunningham Drug*

---

\* "Conceding that it is not negligence *per se* to have an oiled floor in a store (*Narregang* v. *Great Atlantic & Pacific Tea Co.*, 224 Mich 178) or to apply oil to a floor if it is done in a proper manner so it is not in different condition from that usual with oiled floors, there is evidence here of an unusual condition, such an accumulation of oil where plaintiff fell, as to ruin not only her outer garments but her underclothing as well. This is evidence of negligence, and sustains the verdict."

*Stores,* 350 Mich 159, 162 and *Nash* v. *Lewis,* 352 Mich 488.

The proof established only that plaintiff suffered the misfortune of an accident. Always, in these cases, the plaintiff bears the burden of proving some actionable element of the negligence charged by him against the defendant. If there was an "unusual condition" which caused plaintiff's fall, she could and should have proved it. She did not.

Judgment affirmed, with costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

