ZEGLOWSKI v. POLISH ARMY VETERANS ASSOCIATION OF MICHIGAN, INC.

NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE—FLIGHT OF STEPS.
Finding of trial judge that testimony, when viewed in the light most favorable to plaintiff visitor, failed to show negligence of defendant in the creation or maintenance of any hazardous condition which subjected plaintiff to an unreasonable risk proximately causing his injury as he slipped while descending flight of 3 steps on defendant's premises *held*, proper.

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted June 6, 1961. (Docket No. 7, Calendar No. 48,768.) Decided September 21, 1961.

REFERENCES FOR POINTS IN HEADNOTES
38 Am Jur, Negligence § 255 *et seq.*; § 344 *et seq.*; 53 Am Jur, Trial § 1131 *et seq.*

Case by Michael Zeglowski against Polish Army Veterans Association of Michigan, Inc., a Michigan corporation, for personal injuries sustained in fall on clubhouse steps. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*White & Block* (*Clem H. Block,* of counsel), and *John M. Dunham,* for plaintiff.

*Shivel, Phelps, Linsey & Strain* (*Leland D. Phelps,* of counsel), for defendant.

EDWARDS, J. This is an appeal from a verdict directed against plaintiff after completion of plaintiff's proofs.

Plaintiff was a retired worker who, although not a member, from time to time attended defendant's clubroom. He played cards and purchased drinks without difficulty, although the club was supposed to be restricted to members.

On April 4, 1957, plaintiff went to defendant's clubroom and remained until shortly before midnight. As he was leaving the hall, he fell and fractured his hip.

The declaration filed attributed his fall to the negligence of defendant in failing to have a light over the steps, in failing to have a handrail, and in the irregular height of the 3 steps. The declaration contended that plaintiff was an invitee.

Defendant's answer denied any negligence, contended plaintiff was guilty of contributory negligence, and contended that plaintiff was a trespasser.

On appeal, the negligence issue is decisive. The trial judge, in granting the motion for a directed verdict, held that plaintiff had not established any negligence on the part of defendant which occasioned the injury.

Plaintiff-appellant's brief recites the fact questions he asserts were raised as to negligence, as follows:

"In the instant case the light blub over the steps of defendant's building was a 50-watt bulb and was in a frosted glass cover. There was no handrail down the steps. There was testimony that the treads of the steps were not uniform height, one above the other."

There is no testimony that the light was out, and there is testimony that it was on.

As to the other points, plaintiff-appellant's principal problem is that his own testimony does not relate his fall to any fault in the steps or exit. He testified:

"*Q.* Were there any lights on?
"*A.* I don't know. My foot slipped, and that's all.
"*Q.* Where did your foot slip?
"*A.* There was a step here, and I fell over this way (indicating). The sidewalk here, and I come boom.
"*Q.* Had you walked in and out of that place many times?
"*A.* Not too often—sometimes I did.  *  *  *
"*Q.* Do I understand it is your claim as you were coming out of the veteran's hall that night, that your foot slipped, and you fell?
"*A.* Yes.
"*Q.* And is that the only reason that you fell was because your foot slipped?
"*A.* I think so, my foot slipped."

The trial judge held:

"The court finds, taking the testimony in the light most favorable to the plaintiff, there is no evidence in this case that the defendant was guilty of any negligence which was the proximate cause of the injuries of this plaintiff."

We believe the trial judge was correct. *In Nash* v. *Lewis,* 352 Mich 488, 492, this Court adopted the following standard of care as to "business visitors," from 2 Restatement of the Law of Torts, Negligence, § 343:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them."

The testimony does not identify any hazardous condition which subjected plaintiff to "an unreasonable risk," and which caused his injury.

The case is distinguishable from *Nezworski* v. *Mazanec,* 301 Mich 43. Plaintiff in that case stepped out of a door onto a dark platform narrower than the door. Part of her foot was off the edge of the platform and, as a result, she lost her balance.

In the instant case, plaintiff has established only an unfortunate accident, such as this Court dealt with in *Nash* v. *Lewis, supra; Yearsley* v. *City Bank,* 361 Mich 574; and *Bisceglia* v. *Cunningham Drug Stores,* 350 Mich 159.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.