HOLLIDAY v NATIONAL DAIRY PRODUCTS CORPORATION

OPINION OF THE COURT

1. NEGLIGENCE—BUSINESS INVITEES—DANGEROUS CONDITION—SUFFI-
   CIENCY OF EVIDENCE—DIRECTED VERDICT.

   Failure to grant defendant a directed verdict or judgment not-
   withstanding the verdict in a negligence action was error
   where the plaintiff's theory of the case was that he was a
   business invitee, that he had slipped on an unknown object,
   and that that object had been in the defendant's parking lot
   long enough to become snow-covered, but where plaintiff, the
   only witness to testify to the incident or to the condition of the
   parking lot, never saw any such object and conceded on cross-
   examination that he may have slipped on the ground; the
   plaintiff failed to adduce sufficient evidence of a "dangerous"
   condition to justify submission of the case to the jury.

DISSENT BY BRONSON, J.

2. NEGLIGENCE—BUSINESS INVITEES—DANGEROUS CONDITION—SUFFI-
   CIENCY OF EVIDENCE—DIRECTED VERDICT.

   *There was sufficient evidence to deny a defendant's motions for
   directed verdict and judgment notwithstanding the verdict in a
   negligence action where plaintiff's theory of the case was that
   he was a business invitee, that he had slipped on an unknown
   object, and that that object had been in defendant's parking lot
   long enough to become snow-covered.*

Appeal from Wayne, James R. McCann, J. Sub-
mitted Division 1 June 7, 1973, at Detroit. (Docket
No. 14769.) Decided November 1, 1973. Leave to
appeal granted and reversed, 391 Mich —.

Complaint by Oliver L. Holliday against Na-
tional Dairy Products Corporation for damages for
personal injuries resulting from a slip and fall.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 62 Am Jur 2d, Premises Liability §§ 24, 322.

Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*McGlynn, Dettmer & Spaulding,* for plaintiff.

*Alexander, Buchanan & Seavitt* (by *Gene M. Currier),* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

V. J. BRENNAN, J. Plaintiff brought this cause of action for injuries sustained as a result of his slip and fall upon premises owned by the defendant. On February 24, 1965, plaintiff was employed by the Federal government. On that day, in the course of his duties, he went to a milk processing plant operated by the defendant for the purpose of gathering milk samples. He arrived at the plant at approximately 10:30 a.m. He testified that at that time the weather was clear, and there was no ice accumulation or debris on the lot where plaintiff parked his automobile. The lot was unpaved with undulations due to the passage of truck traffic.

At approximately 8 p.m., plaintiff left the plant carrying the milk samples he had collected, and began traversing the parking lot to his automobile. It had snowed during the day, and the parking lot was unlit. Plaintiff slipped, fell, and sustained injuries. He testified that he slipped on a snow-covered flat object, although he never saw any such object. On cross-examination, he conceded that he may have merely slipped upon the ground. Plaintiff was the only witness who testified to this incident, or to the condition of the parking lot.

The jury returned a verdict for the plaintiff, and defendant now appeals. The defendant alleges that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the trial court erred by denying his timely motions for directed verdict, and judgment notwithstanding the verdict. The parties have assumed, without argument here or below, that for purposes of this litigation the plaintiff should properly be classified as an "invitee". While that assumption is probably correct[1] we nevertheless shall proceed on that assumption without comment.

Since a customer is an "invitee" of a store owner, we may look to the abundance of Michigan case law dealing with a customer's slip and fall in a place of business. In *Carpenter v Herpolsheimer's Co,* 278 Mich 697, 698; 271 NW 575 (1937), our Supreme Court said:

> "The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, *Wine v Newcomb, Endicott & Co,* 203 Mich 445 [169 NW 832 (1918)]; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. *Yarington v Huck,* 218 Mich 100 [187 NW 298 (1922)]."

The plaintiff's theory of the case was that he had slipped upon an unknown object, and that that object had been in the parking lot long enough to become snow covered. There was no testimony that an agent or employee of the defendant was responsible for the presence of the hypothetical object on the parking lot. Plaintiff's theory was that since the object was present long enough to become snow covered, it was present long enough for defendant's failure to discover and remove it to constitute negligence.

In most cases of a similar nature which have

---

[1] *See* Prosser, Law of Torts (3d ed), pp 405–408.

reached appellate courts in this state, there has been no question regarding what caused the plaintiff's fall. The question has generally been one of the duration of the offending condition. See *e.g. Winfrey v S S Kresge Co*, 6 Mich App 504; 149 NW2d 470 (1967); *Serinto v Borman Food Stores*, 3 Mich App 183; 142 NW2d 32 (1966), *aff'd*, 380 Mich 637; 158 NW2d 485 (1968); *Galloway v Sears, Roebuck and Co*, 27 Mich App 348; 183 NW2d 354 (1970); *Filipowicz v S S Kresge Co*, 281 Mich 90; 274 NW 721 (1937); *Goldsmith v Cody*, 351 Mich 380; 88 NW2d 268 (1958); *Evans v S S Kresge Co (On Rehearing)*, 290 Mich 698, 703; 291 NW 191 (1939). However, in certain cases which are similar to those enumerated above in that the cause of plaintiff's fall was ascertainable, the Supreme Court has nevertheless denied relief to plaintiffs where they have failed to demonstrate that the condition causing their fall was sufficiently different from the surrounding area to constitute a dangerous condition. In *Yearsley v City Bank*, 361 Mich 574, 576; 106 NW2d 162, 163 (1960), the Court upheld the trial court's grant of a directed verdict in defendant's favor where the

" * * * plaintiff showed no unusual condition of the construction or surface of the floor in the area of her fall; also that she showed no variation of surface conditions as between such area and other portions of the public quarters of the bank over which she had walked and others were walking."

For similar results, see *Zeglowski v Polish Army Veterans Association of Michigan, Inc*, 363 Mich 583; 110 NW2d 578 (1961), and *Nash v Lewis*, 352 Mich 488; 90 NW2d 480 (1958).

Likewise, in the case before us, the plaintiff has failed to adduce sufficient evidence of a "dangerous" condition to justify submission of the case to

the jury. The best that can be said for the plaintiff's evidence is that there *might* have been something under the snow. As the plaintiff admitted, there may well have been nothing under the snow whatsoever.

"It is a well-settled principle that on review of a trial court's refusal to grant a motion for a directed verdict or judgment *non obstante veredicto,* the facts are reviewed in the light most favorable to plaintiff. *Tacie v White* Motor Co, 368 Mich 521, 527 [118 NW2d 479, 482 (1962)]. A test used is whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion. If the answer to this is 'yes,' the question is for the jury. *Ashworth v Detroit,* 293 Mich 397 [292 NW 345 (1940)]." *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223, 229; 123 NW2d 768, 771 (1963).

The circumstances of this case when viewed in accordance with the above standard fail to raise a jury question. A jury verdict on behalf of the plaintiff would necessarily be an inference based upon the speculation of the plaintiff. We therefore conclude that the trial court erred by failing to grant either defendant's motion for directed verdict, or judgment notwithstanding the verdict.

Reversed and remanded for proceedings consistent with this opinion.

Walsh, J., concurred.

Bronson, P. J. *(dissenting).* While I agree with my colleague's statement of the law, I cannot agree that, viewed in light of these legal principles, the trial judge's denial of defendant's motions for directed verdict and judgment notwithstanding the verdict should be set aside.

My reading of the record convinces me that

there was *sufficient* evidence of the existence of some foreign object under the snow. The trial judge properly applied the test to the record.

I would vote to affirm the trial court's denial of defendant's motion for directed verdict and judgment notwithstanding the verdict. Can we do otherwise in the face of *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973)?