SUCI v MIRSKY

1. NEGLIGENCE—DUTY OF CARE—SLIP AND FALL—DEGREE OF CARE—
RETAIL STORES—DISPLAYS.

The presence of a shadow box display of merchandise placed at
the bottom of a stairway entrance to a retail store which is not
unusual in its manner or character cannot be held to lessen the
degree of care which a plaintiff in a negligence action for a slip
and fall is required to exercise for her own safety.

2. NEGLIGENCE—UNSAFE CONDITIONS—PROPRIETORS—ACTIVE NEGLI-
GENCE—CAUSATION—KNOWLEDGE.

A proprietor of a store is liable for injury resulting from an
unsafe condition only when it was caused by his active negli-
gence or that of his employees, or, when otherwise caused, the
unsafe condition is known to the storekeeper or is of such
character or has existed for a sufficient length of time that he
should have knowledge of it.

3. NEGLIGENCE—SLIP AND FALL—DIRECTED VERDICT—EVIDENCE—CAU-
SATION—KNOWLEDGE—DURATION OF KNOWLEDGE.

A defendant storekeeper was entitled to a directed verdict or
judgment notwithstanding a verdict for plaintiff in a negligence
action for injuries received in a fall on a stairway entrance
where, viewing plaintiff's testimony in the light most favorable
to her, there was no evidence of how an alleged slippery
substance got on the stairway, or that the defendant had
knowledge of its presence or that the substance was on the step
for a sufficient length of time so that the defendant should have
known of it.

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 February 10, 1975, at Lans-
ing. (Docket No. 20195.) Decided May 29, 1975.
Leave to appeal denied, 395 Mich —.

Complaint by Martha Suci against Irving A.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence § 66 et seq.
[2, 3] 57 Am Jur 2d, Negligence § 54 et seq.

Mirsky, doing business as Heitzner's, Heitzner's Department Store, Heitzner's House of Gifts, Heitzner's Basement Store, Heitzner's House of Luggage, and Heitzner's Gift Shop, for damages for injuries received in a slip and fall on a stairway. Judgment for plaintiff. Defendants appeal. Reversed.

*Edwin W. Jakeway, P. C.,* for plaintiff.

*Bernard N. Portnoy, P. C.,* for defendants.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

R. M. MAHER, J. The jury awarded plaintiff, Martha Suci, $5,000 for injuries received when she slipped and fell on the stairway to Heitzner's House of Gifts. At the close of plaintiff's proofs, defendants moved for a directed verdict asserting that the evidence presented by plaintiff, even when viewed in the light most favorable to plaintiff, failed to establish that any foreign substance or defective condition was present at the time of the accident or that defendants had actual or constructive knowledge of such a condition. The trial court reserved its ruling and defendants renewed their motion at the close of defendants' proofs. After the jury returned a verdict in favor of plaintiff, defendants filed a motion for judgment notwithstanding the verdict and/or new trial. Defendants' motions were denied and they appeal.

The record in this case shows that plaintiff and a friend, Verlie Wood, went to Heitzner's House of Gifts at approximately 4:30 p.m., on November 6, 1970, to purchase a gift. Entrance to the gift store, located below street level, is reached by descending an interior carpeted stairway with a handrail on

the right to a landing and then descending a second stairway, also carpeted with a handrail on the right, to the store proper. Located on the wall opposite the first flight of stairs at the landing was a shadow box, 2 feet wide and 3 feet long with a mirror back. While slowly descending the first flight of stairs with her right hand on the railing and looking at the shadow box, particularly at candles and knickknacks displayed thereon, plaintiff testified that her right foot slipped on the second step from the bottom and that she fell on the landing. Plaintiff did not know what she slipped on, only that it was something slippery. Plaintiff further testified that she noticed something greasy on her right shoe a day or two after the accident but did not show it to anybody and did not know whether her shoe picked the substance up prior to her arrival at the store. The testimony of Verlie Wood, who preceded plaintiff down the stairway, is devoid of testimony regarding any foreign substance on the carpeted stairs.

Irving Mirsky, the store manager, testified that his inspection of the stairway, used by anywhere from 150 to 250 people on the day in question, following plaintiff's fall, failed to reveal any type of greasy substance. Mary Yale, a bookkeeper, testified that there was no grease on the stairway or on the bottom of plaintiff's shoes immediately after her fall. Mary Yale further testified that when she asked plaintiff if she had tripped or slipped on anything, plaintiff replied, "No, I just fell."

The stairs were vacuumed every morning before the store opened and Mary Yale made it a point to pick up anything on the stairway when she arrived in the morning and when she would leave for or return from lunch. It was not established

whether Mary Yale went out to lunch on the day in question and if so, at what time.

Plaintiff claims that defendants failed to inspect and examine the stairway to determine the presence of a foreign substance and that defendants' maintenance of the shadow box before all of their descending customers encouraged those customers to look at the display and caused plaintiff to fall. With respect to the shadow box in this case, *Boyle v Preketes,* 262 Mich 629; 247 NW 763 (1933), considered an appeal from a directed verdict for defendants where plaintiff sought damages for injuries suffered when she failed to negotiate the steps leading to the lower level of a candy store-restaurant. The Court in that case stated:

> "Touching plaintiff's claim that her attention was distracted by the display of defendants' wares, it may be said that there was nothing unusual as to the manner or character of the display. We find nothing in this record which would justify the claim, at least made inferentially in behalf of appellant, that the display of the merchandise here kept for sale because of its attractive nature can be held to lessen the degree of care which plaintiff was required to exercise for her own safety." 262 Mich at 632–633.

With respect to the alleged greasy substance on the stairway, *Carpenter v Herpolsheimer's Co,* 278 Mich 697, 698; 271 NW 575 (1937) provides the general rule:

> "The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, *Wine v Newcomb, Endicott & Co,* 203 Mich 445 [1918]; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a

sufficient length of time that he should have knowledge
of it. *Yarington v Huck,* 218 Mich 100 [1922]."

Knowledge of the unsafe condition is inferred
where occasioned by the proprietor or an em-
ployee. See *Vice v Great Atlantic & Pacific Tea Co,
Inc,* 53 Mich App 140; 218 NW2d 766 (1974). Here,
however, there was no evidence of how the alleged
substance got on the stairway or that defendants
had knowledge of its presence. Thus, the question
becomes whether the condition existed for a suffi-
cient length of time so that the storekeeper should
have had knowledge of it. See *Holliday v National
Dairy Products Corp,* 50 Mich App 366; 213 NW2d
289 (1973), *rev'd,* 391 Mich 816 for reasons set
forth in the dissenting opinion of Judge *Bronson,*
reported at 50 Mich App 366, 370; 213 NW2d 289
(1973).

The majority opinion in *Holliday, supra,* at 368–
369, points out the problem we are facing in the
present case with respect to constructive notice of
an unknown substance but fails to provide the
answer.

"The plaintiff's theory of the case was that he had
slipped upon an unknown object, and that that object
had been in the parking lot long enough to become
snow covered. There was no testimony that an agent or
employee of the defendant was responsible for the
presence of the hypothetical object on the parking lot.
Plaintiff's theory was that since the object was present
long enough to become snow covered, it was present
long enough for defendant's failure to discover and
remove it to constitute negligence.

"In most cases of a similar nature which have
reached appellate courts in this state, there has been no
question regarding what caused the plaintiff's fall. The
question has generally been one of the duration of the
offending condition. See *e.g. Winfrey v S S Kresge Co,* 6
Mich App 504; 149 NW2d 470 (1967); *Serinto v Borman
Food Stores,* 3 Mich App 183; 142 NW2d 32 (1966), *aff'd,*
380 Mich 637; 158 NW2d 485 (1968); *Galloway v Sears,*

*Roebuck and Co,* 27 Mich App 348; 183 NW2d 354 (1970); *Filipowicz v S S Kresge Co,* 281 Mich 90; 274 NW 721 (1937); *Goldsmith v Cody,* 351 Mich 380; 88 NW2d 268 (1958); *Evans v S S Kresge Co (On Rehearing),* 290 Mich 698, 703; 291 NW 191 (1939)." 50 Mich App at 368–369.

The majority went on to characterize the evidence as only showing "that there *might* have been something under the snow" and held that these circumstances failed to raise a jury question. The Supreme Court, however, adopted Judge *Bronson's* dissent in *Holliday* which found the evidence of the existence of some foreign object under the snow to be sufficient to affirm the trial court's denial of defendants' motion for directed verdict and judgment notwithstanding the verdict.

Nevertheless, plaintiff's theory of notice in *Holliday* renders it inapplicable to the case at bar. Plaintiff in *Holliday* used the amount of snow which had fallen on the parking lot to establish the length of time the alleged object remained in a certain place. In the present case, there is no evidence that the alleged slippery substance was on the stairway long enough so that defendants, in the exercise of reasonable care, should have known it was there.

Viewing plaintiff's testimony in the light most favorable to her, there is still no evidence of how the alleged substance got on the stairway or that defendants had knowledge of its presence. Moreover, there is no evidence that the substance was on the step for a sufficient length of time so that defendants should have had knowledge of it. In short, plaintiff did not prove actionable negligence and the trial court erred by failing to grant either defendants' motion for directed verdict or judgment notwithstanding the verdict.

The judgment is reversed with costs to appellant.