HUHTALA *v.* ANDERSON

1. JUDGMENT—JUDGMENT NOTWITHSTANDING THE VERDICT—REVIEW.
   The standard to be applied on review of a judgment notwithstanding the verdict is whether the facts taken inferentially favorable to plaintiff preclude a judgment for plaintiff as a matter of law.

2. NEGLIGENCE—GROSS NEGLIGENCE—EVIDENCE—QUESTION OF FACT.
   The question of liability is one of fact for jury determination if evidence on which reasonable men could differ is submitted in an action for gross negligence.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 38 Am Jur, Negligence § 347.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 495, 512, 525, 536.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 495, 512, 525, 536; 30A Am Jur, Judgments §§ 292, 297, 300; 38 Am Jur, Negligence § 347.
[5] 5 Am Jur 2d, Appeal and Error §§ 886, 969.

3. AUTOMOBILES—GUEST PASSENGER STATUTE—SLEEPING DRIVER.

Liability under the automobile guest passenger statute in the case of a sleeping driver does not depend upon a finding of intentional departure from careful driving; the incipience of sleep serves to warn, and anyone so warned may be liable for driving in defiance of the known likelihood of sleep.

4. JUDGMENT — JUDGMENT NOTWITHSTANDING THE VERDICT — GUEST PASSENGER STATUTE — EVIDENCE.

Judgment notwithstanding the verdict in action under guest passenger statute against driver who fell asleep while driving *held,* improper where testimony of defendant driver that he had engaged in strenuous outdoor activity and drinking before the accident and that he was "tired that night" was sufficient for jury to find that defendant was guilty of gross negligence in that he knew of the likelihood of sleep but disregarded that knowledge in continuing to drive the automobile.

5. SAME — JUDGMENT NOTWITHSTANDING THE VERDICT — MOTION FOR NEW TRIAL — REMAND.

Court of Appeals, in reversing judgment notwithstanding the verdict for defendant in negligence action, remands to circuit court for hearing on alternative motion for new trial since grounds might exist for a new trial even though judgment notwithstanding the verdict was improper.

Appeal from Ontonagon, Baldwin (George S.), J. Submitted Division 3 October 3, 1968, at Marquette. (Docket No. 4,781.)   Decided January 31, 1969.

Complaint by Carol Ann Huhtala and Arne Huhtala against Clifford Anderson for personal injuries sustained in an automobile accident. Verdict for plaintiffs.   Judgment notwithstanding the verdict for defendant.   Plaintiffs appeal.   Reversed and remanded.

*Wisti, Jaaskelainen & Schrock,* for plaintiffs.

McGREGOR, J.   As a sleeping passenger, plaintiff was seriously injured when defendant's car left the

road and struck a bridge abutment. The accident occurred at approximately 3 a.m. while defendant was driving plaintiff, his date, home from a lakeside party. The preceding morning defendant arose early, engaged in vigorous summer activities including swimming and water skiing, and in late afternoon drove 50 miles to his location of employment as a tavern cashier. At 9 p.m., after 5 hours of work, defendant drove 15 miles to the lakeside party during which he consumed 6 mixed drinks, swam, and had a sauna bath. Apparently the day's activities had a soporific effect by 2:30 a.m. when defendant decided to escort plaintiff home. The ensuing accident occurred about 20 miles from the party site. Defendant does not recall the second half of the trip and admits sleeping during the trip. Plaintiff, now defendant's wife, testified that defendant was "under the influence" but was not drunk. Defendant testified that he was "very tired that night."

After the court gave instructions on gross negligence or wanton and willful misconduct, based on the guest passenger statute, CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101), the jury found defendant liable. The trial judge granted defendant's motion for judgment notwithstanding the verdict, GCR 1963, 515.2, and plaintiff filed this appeal.

The issue posed is whether the granting of a judgment notwithstanding the verdict was correct after the jury decided the question of defendant's liability. The standard for a judgment notwithstanding the verdict in this situation is whether the facts taken inferentially favorable to plaintiff preclude a judgment for plaintiff as a matter of law. *Killen* v. *Benton* (1965), 1 Mich App 294; *Serinto* v. *Borman Food Stores* (1966), 3 Mich App 183, affirmed 380 Mich 637. Therefore, plaintiff, with all reasonable

inferences, must have submitted evidence of more than ordinary negligence.

Plaintiff contends that there was sufficient evidence to present a jury question of liability under the Michigan guest passenger statute, and consequently, the judgment notwithstanding the verdict was improper. If evidence on which reasonable men could differ was submitted, the question of liability is one of fact for jury determination. See *Prentkiewicz* v. *Karp* (1965), 375 Mich 367; *Knoll* v. *Katz* (1965), 374 Mich 364; *Emons* v. *Shiraef* (1960), 359 Mich 526; *Goree* v. *Russell* (1967), 7 Mich App 79. Defendant submitted no reply brief on this appeal.

Since the guest passenger statute and the court's instructions envision liability for either gross negligence or willful and wanton misconduct, and the verdict did not specify guilt under either heading, we may refer to definitions of both, free from the encumbrance of previously drawn distinctions between the two terms. One Michigan decision described liability in the sleeping driver-guest passenger situation in terms of the traditional "reasonably prudent man."

"To constitute gross negligence in falling asleep while driving, there must have been such prior warning of the likelihood of sleep that continuing to drive constitutes reckless disregard of consequences. There must be an appreciation of the danger of falling asleep or circumstances which would cause a reasonably prudent person to appreciate it and proceed in defiance of results. It has been held that prior warning may be by way of having before gone to sleep or dozed off. *Manser* v. *Eden*, 263 Mich 107; *Potz* v. *Williams*, 113 Conn 278 (155 A 211). Without discussing the distinction between ordinary and gross negligence, it was held in *Coconower* v. *Stoddard*, 96 Ind App 287 (182 NE 266) a question for the jury where the defendant had worked all day

and driven most of the night without sleep." *Boos* v. *Sauer* (1934), 266 Mich 230, 233.

Referring to the sleeping driver situation, a later case discussed the applicable standard as follows:

"The rule adopted in the 'sleep' cases, *supra,* is based upon the presence of premonitory symptoms at some time in the chain of circumstances." *Thayer* v. *Thayer* (1938), 286 Mich 273, 275.

More recently, liability under the guest passenger statute has been judged by the following criteria:

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence and the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' " *Coon* v. *Williams* (1966), 4 Mich App 325, 334, quoting *Titus* v. *Lonergan* (1948), 322 Mich 112, 119.

Another decision surveying gross negligence cases noted the requirement of an intent to depart from careful driving:

"The thread which seems to run through all is a showing that the driver has an 'affirmatively reckless state of mind with intent to depart from careful driving.' " *Brooks* v. *Haack* (1965), 374 Mich 261, 265, citing *Sorenson* v. *Wegert* (1942), 301 Mich 497, 511.

However, the *Brooks* decision concerned a more active departure from ordinary negligence than the relatively passive act of continuing to drive despite an apparent danger of sleep. We are convinced that under the guest passenger statute, as applied to a sleeping driver, it is not necessary to find an in-

tential departure from careful driving. Rather, the incipience of sleep serves to warn, and anyone so warned, although intending to drive carefully, may be liable for resultant injury by continuing to drive in defiance of the known likelihood of sleep. Liability is a question of fact for the jury; a person may be liable if the jury so decides. Therefore, a judgment notwithstanding the verdict, concerned only with questions of law, is improper where evidence is submitted from which the knowledge of the likelihood of sleep could be inferred. We agree that there was such evidence submitted in this case.

Although there was no direct evidence of defendant's actual knowledge of the likelihood of sleep, the defendant's awareness of a possibility of sleep, based on premonitory symptoms, could be reasonably inferred from his testimony. As the danger inherent in sleep while driving is elementary, an inference that defendant was aware of the sleep possibility would include the knowledge that by continuing to drive, defendant endangered plaintiff. Therefore, guilt of gross negligence or willful and wanton misconduct could be reasonably inferred under the guidelines cited above. Since the evidence presented a fact question for jury determination, and a judgment notwithstanding the verdict is appropriate only when no fact questions are presented, the judgment notwithstanding the verdict was incorrectly granted.

Defendant's motion for judgment notwithstanding the verdict included an alternative request for a new trial. The standard for a new trial is whether the verdict was against the great weight of the evidence. Therefore, it is conceivable that, although the judgment notwithstanding the verdict was incorrect, a new trial would be grantworthy, considering the verdict rendered and the evidence sub-

mitted. The judgment notwithstanding the verdict obviated the necessity of considering the companion request for a new trial, but our present decision setting aside the judgment notwithstanding the verdict negates that obviation. Accordingly, we hereby set aside the judgment notwithstanding the verdict and remand for consideration of defendant's alternative request for a new trial.

Costs to abide final result.

PHILIP C. ELLIOTT, J., concurred.

T. G. KAVANAGH, P. J., did not participate.