CITIZENS COMMERCIAL & SAVINGS BANK v. GAMBILL

AUTOMOBILES—NEGLIGENCE—GUEST PASSENGER—GROSS NEGLIGENCE —STATUTE.

The acknowledged trend in guest passenger cases is to submit the liability question to the jury for determination, and such an action by the trial judge was proper in a case where reasonable minds could differ on the question of whether defendant driver was guilty of gross negligence or wilful and wanton misconduct (CLS 1961, § 257.401).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 February 6, 1969, at Lansing. (Docket No. 5,363.) Decided March 25, 1969.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 1013.

Complaint by Citizens Commercial & Savings Bank, administrator *de bonis non* of the estate of Clyde Perkins, Jr., deceased, against Gwendolyn R. Gambill and Donovan E. Neville for damages resulting from an automobile collision. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Milliken & Magee,* for plaintiff.

*Gault, Davison & Bowers,* for defendants.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

McGREGOR, J. Plaintiff, as decedent's administrator, filed an action against defendants, one of whom was driving the other defendant's car at the time of an accident in which decedent, a guest passenger in the car, was killed. The jury awarded damages against defendants, who thereafter appealed. The controlling issue is whether the facts as presented pose a jury question of defendants' liability for gross negligence or wilful and wanton misconduct under the guest passenger statute, CLS 1961, § 257.401 (Stat Ann 1968 Rev § 9.2101). Defendants contend the facts present an issue of negligence only, and thus the liability issue should not have been submitted to the jury.

Briefly, the pertinent facts are as follows: A group of men, including the defendant car owner, decedent, and a business acquaintance, gathered in a restaurant lounge for approximately four hours before the acquaintance's scheduled plane departure. As they left for the airport, defendant-driver, a waitress in the restaurant, agreed to accompany the party. The men consumed alcoholic beverages throughout their discussions, but it is unclear whether defendant-driver similarly indulged other than

having an abbreviated cocktail at the airport. After the plane left, decedent, who had completed a favorable business deal with the acquaintance, exhibited his jubilation by an impromptu heel-kicking in the airport parking lot while atop a car hood. Apparently sharing the spontaneity of the moment, the defendant-driver kissed decedent, after which the group began the return journey in defendant-owner's Ford Thunderbird. Defendant-driver had never driven a Thunderbird and requested to drive the unfamiliar car; both decedent and defendant-owner consented. Shortly thereafter, the car exceeded the speed limit, passed at least one car contrary to a yellow line warning, returned to its proper lane, and then swerved out of control into the oncoming lane of traffic. The fatal accident ensued. During trial, defendant-driver acknowledged that someone in the car said something to her in a warning tone before the accident.

The acknowledged trend in guest passenger cases is to submit the liability question to the jury for determination, if reasonable minds could differ on whether defendant's conduct was within the definitions of gross negligence or wilful and wanton misconduct. See *Prentkiewicz* v. *Capp* (1965), 375 Mich 367; *Stevens* v. *Stevens* (1959), 355 Mich 363; *Tien* v. *Barkel* (1958), 351 Mich 276; *Huhtala* v. *Anderson* (1969), 15 Mich App 693; *Goree* v. *Russell* (1967), 7 Mich App 79; *Coon* v. *Williams* (1966), 4 Mich App 325, and cases cited therein. Considering the totality of circumstances we cannot conclude that reasonable minds would not differ on the classification of driver conduct in the present case. Accordingly, the trial court properly submitted the liability question to the jury.

Affirmed. Costs to appellee.

All concurred.