## DeLong v. KACHELSKI

AUTOMOBILES—NEGLIGENCE—GUEST PASSENGER—SLEEPING DRIVER.

It is not necessary to find an intentional departure from careful driving in order for a guest passenger to recover from a sleeping driver under the guest passenger statute, but the facts would have to indicate that defendant *knew* of the likelihood of sleep and continued to drive *in defiance* of that knowledge (CLS 1961, § 257.401).

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 April 14, 1969, at Lansing. (Docket No. 5,995.) Decided May 29, 1969.

Complaint by Clarence C. DeLong and Carole J. DeLong against Donald K. Kachelski for damages resulting from an automobile accident. Defendant's motion for summary judgment granted. Plaintiffs appeal. Affirmed.

*Michael W. Evanoff,* for plaintiffs.

*William J. Kane,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE

8 Am Jur 2d, Automobiles §§ 495, 512.

Physical defect, illness, drowsiness, or falling asleep of motor vehicle operator as affecting liability for injury. 28 ALR2d 12.

BEFORE: McGregor, P. J., and R. B. Burns and Danhof, JJ.

McGregor, P. J. This appeal stems from an idyllic day "gone fishin'", and the harsh reality of an automobile accident. Plaintiff and defendant, after rising early and fishing till about noon, packed up and left for home. A short while later, plaintiff incurred serious injury when defendant's car left the road, lodging in a culvert. Plaintiff sued for damages, alleging defendant's causal gross negligence and wilful and wanton misconduct under the guest passenger statute. MCLA § 257.401 (Stat Ann 1960 Rev § 9.2101). Defendant moved for summary judgment; the court granted the motion under GCR 1963, 117.2(3), and plaintiff appeals.

The issue posed is whether the undisputed facts, viewed with inferences favorable to plaintiff, present a fact question of whether defendant's conduct constituted gross negligence or wilful and wanton misconduct. If the facts present a reasonable question of liability, the case must be submitted to a trial. *Beardsley* v. *R. J. Manning Co.* (1966), 2 Mich App 172.

The undisputed facts: after five to six hours of sleep, defendant arose at 5:00 a.m., gathered plaintiff an hour later, arrived at their destination at approximately 8:00 a.m., and fished till around noon. During the morning, each fisherman drank seven bottles of beer without eating. While fishing, they had motor trouble, and defendant rowed the boat part of the time. Then, after calling it a day and returning to shore, defendant carried the outboard motor to his car. Plaintiff suggested lunch at a local restaurant, but defendant preferred to eat elsewhere, so they began the return trip. Although fatigued, defendant did not recall being drowsy. After about

twenty minutes on the road and some conversation, the accident occurred. There was no evidence that plaintiff warned defendant of his tired condition or that defendant knew of the likelihood of sleep.

Categorized, this case involves the problem of sleeping drivers' liability, under the guest passenger statute. A recent decision delineated the guidelines in sleeping driver situations:

"We are convinced that under the guest passenger statute, as applied to a sleeping driver, it is not necessary to find an intentional departure from careful driving. Rather, the incipience of sleep serves to warn, and anyone so warned, although intending to drive carefully, may be liable for resultant injury by continuing to drive in defiance of the known likelihood of sleep." *Huhtala* v. *Anderson* (1969), 15 Mich App 693.

To enlarge and apply those words to the facts, a question of liability for gross negligence or wilful and wanton misconduct under the guest passenger statute is presented if the undisputed facts, with inferences favorable to plaintiff, would lead reasonable men to differ on the liability question. The facts would have to indicate defendant *knew* of the likelihood of sleep and continued to drive *in defiance* of that knowledge. They do not. The facts presented would not lead reasonable men to conclude defendant was grossly negligent or behaved wilfully and wantonly preceding the accident. The totality of circumstances do not present a factual question of liability requiring jury consideration. *Citizens Commercial & Savings Bank* v. *Gambill* (1969), 16 Mich App 533. Therefore, the trial judge correctly granted defendant's summary judgment motion.

Affirmed. Costs to defendant.

All concurred.