GALLOWAY *v.* SEARS, ROEBUCK AND COMPANY

1. Negligence—Storekeeper—Safe Condition of Premises—Customers.

    It is the duty of a storekeeper to provide reasonably safe stairways for customers and he is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where it is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it.

2. Motions—Judgment Notwithstanding the Verdict—Evidence.

    The trial court should view all facts presented in the light most favorable to the plaintiff in granting defendant's motion for judgment notwithstanding the verdict (GCR 1963, 515.2).

3. Motions — Judgment Notwithstanding the Verdict — Constructive Knowledge—Inferences—Dangerous Condition.

    Facts that are viewed in the light most favorable to the plaintiff in a motion by defendant for judgment notwithstanding the verdict can raise an inference that defendant had constructive knowledge of a dangerous condition but there must be some facts to support such an inference or the motion will be granted (GCR 1963, 515.2).

4. Negligence—Judgment Notwithstanding the Verdict—Constructive Knowledge—Inferences—Stairs.

    Defendant's motion for judgment notwithstanding the verdict was properly granted where there was no evidence at all in plaintiff's negligence case to support an inference of constructive knowledge of an unsafe condition on defendant's stairs (GCR 1963, 515.2).

References for Points in Headnotes

[1] 38 Am Jur, Negligence §§ 131–138.
[2, 3] 47 Am Jur, Judgments § 108.
[4] 38 Am Jur, Negligence §§ 136, 184–188.

Appeal from Saginaw, Fred J. Borchard, J.   Submitted Division 3 October 8, 1970, at Grand Rapids. (Docket No. 8,020.)   Decided October 26, 1970.

Complaint by M. C. Galloway and Joeanna Galloway against Sears, Roebuck and Company for injuries received by slipping and falling on a stairs. Judgment for defendant notwithstanding the verdict.   Plaintiffs appeal.   Affirmed.

*Achilles J. Tarachas* for plaintiffs.

*Walker, Troester & Picard* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. Kelley, Jr.,* JJ.

PER CURIAM.   This is an appeal from the granting of defendant's motion for judgment notwithstanding the verdict in a slip and fall case.   Plaintiff, M. C. Galloway, and his son entered defendant's store on a Saturday morning to keep the son's 10 a.m. appointment with the optical department.   The department was on the second floor, and the two ascended the stairway, not noticing any foreign substance on the stairs.

Upon completing their business at approximately 12 a.m., the two started back down the stairs. M. C. Galloway, who was leading, slipped on a small puddle of clear liquid on the second step.   He fell backwards striking his back as he went down.

One of defendant's maintenance employees testified that one of her duties was to check the stairs every hour or so.   It was not established whether she had in fact done so before she left work that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

morning, but if so, the stairs would have been checked at 10:45 a.m.

Adjacent to the stairs is another stairway leading to the employees' lounge and recreation room on the third floor. The lounge contains a milk and coffee machine; lavatory facilities and a drinking fountain are also available on this floor. There is a company rule against carrying beverages from the third to the second floor, and there was no evidence below that any employee had done so.

There was no other evidence to establish that the unsafe condition was caused by defendant or that defendant knew of its existence. The jury awarded plaintiffs verdicts totaling $5,794.24. Defendant's motion for judgment notwithstanding the verdict was granted on the ground that it was not established that defendant had constructive notice of the condition.

The law in Michigan has long been established with regard to the liability of a storekeeper. In the case of *Carpenter* v. *Herpolsheimer's Co.* (1937), 278 Mich 697, 698, it is stated:

"It is the duty of a storekeeper to provide reasonably safe aisles for the customers. *Brown* v. *Stevens* [1904], 136 Mich. 311 (16 Am. Neg. Rep. 101). The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, *Wine* v. *Newcomb, Endicott & Co.* [1918], 203 Mich 445; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. *Yarington* v. *Huck* [1922], 218 Mich. 100."

In granting a motion for judgment notwithstanding the verdict pursuant to GCR 1963, 515.2, the trial court should view all facts presented in the

light most favorable to the plaintiff. *Tacie* v. *White Motor Company* (1962), 368 Mich 521; *Sparks* v. *Luplow* (1963), 372 Mich 198. The facts, when so viewed, can then raise an inference that defendant had constructive knowledge of the dangerous condition. *Serinto* v. *Borman Food Stores* (1968), 380 Mich 637.

There must, however, be some facts to support such an inference. In *Serinto,* the plaintiff tried to supply those facts by arguing that the jar of mayonnaise upon which she slipped must have been on the floor before she entered the store as she did not hear it fall. The negative evidence would not support the inference, the Supreme Court holding that it was error for the trial court to refuse to set the verdict aside.

There is no evidence at all in the instant case to support an inference of constructive knowledge. Accordingly, defendant's motion for judgment notwithstanding the verdict was properly granted.

Affirmed. Costs to defendant.