RUEMENAPP *v.* NATIONAL FOOD STORES, INC.

NEGLIGENCE—FINDINGS OF FACT—APPEAL AND ERROR—COURT RULES.
Trial court's findings of fact in an action to recover damages for a minor's injuries, allegedly caused by defendant's negli gence while the minor was in defendant's store, that the minor in getting off a mechanical hobby horse was cut on a glass object on the floor of the store, were not so clearly erroneous as to justify reversal (GCR 1963, 517.1).

Appeal from Court of Appeals, Division 1, J. H. Gillis, P. J., and V. J. Brennan and Weipert, JJ., reversing Wayne, Horace W. Gilmore, J. Submitted June 23, 1971. (No. 25 June Term 1971, Docket No. 53,031.) Decided August 27, 1971.

25 Mich App 291 reversed.

Complaint by Ernest T. Ruemenapp, for himself and as next friend of Sharon Ruemenapp, a minor, against National Food Stores, Inc., to recover damages for injuries sustained by Sharon Ruemenapp as a result of defendant's negligence. Judgment for plaintiffs. Defendant appealed to the Court of Appeals. Reversed. Plaintiffs appeal. Reversed.

REFERENCE FOR POINTS IN HEADNOTE
42 Am Jur 2d, Infants § 142.

*Loptain, Ward, Miller & Bindes (Theodore M. Rosenberg, of counsel), for plaintiffs.*

Williams, J.   The only issue in this case is whether or not the Court of Appeals properly determined that the trial court's findings of fact were so "clearly erroneous" as to justify reversal under GCR 1963, 517.1—"Findings of fact shall not be set aside unless clearly erroneous".

This action was initiated in Wayne County Circuit Court by Ernest Ruemenapp, individually and as next friend of Sharon Ruemenapp, for injuries sustained by his daughter while on defendant's premises.

The daughter, when six years old, went to defendant's market to buy pop accompanied by a friend of the same age.   After purchasing pop in bottles, the girls were attracted to a mechanical hobby horse in the store.   The girls set the pop bottles down near the base of the horse, and then both mounted the horse.   An employee of the defendant testified that it was the policy of the management of the store not to allow two children on the horse at once.

In the language of the complaint, what occurred next to plaintiff's daughter was:

" * * *   while getting off of the horse after riding it, did trip and fall on empty pop bottles allowed to accumulate on the premises near the base of the electric rocking horse."

The Michigan Court of Appeals reversed, stating that plaintiffs failed to establish by a preponderance of the evidence that the daughter's injuries were in fact caused by defendant's negligence.   GCR 1963, 517.1, states that findings of fact should not be set aside unless clearly erroneous.   Relying upon

*Ramberg* v. *Morgan* (1928), 209 Iowa 474 (218 NW 492) and *Bruggeman* v. *City of York* (1916), 254 Pa 430 (98 A 970), cited in *Frye* v. *Detroit* (1932), 256 Mich 466, 469, 470, the Court stated that it is not enough for plaintiffs to show their injury was due to one of two possible causes.

Our decision must rest on determining whether or not the trial judge was clearly erroneous[1] in finding from the testimony about the plaintiff's daughter Sharon that "in getting off [the horse] she was cut on a glass object on the floor". Other testimony establishes the remaining necessary elements for judgment.

The only testimony as to how the child was injured was offered by Sharon herself. She was only six years old at the time of the injury. She testified four years later. As might be suspected, her testimony was not as specific and clear-cut as a Marine sergeant barking out orders.

On direct examination, these were her responses:

"*Q.* Okay, all right, then what happened after you were sitting on the horse?
"*A.* When we got off, and I fell over the bottle.

     \*    \*    \*

"*Q.* All right. Did you trip over that, or fall over that [bottle] as you were sliding off the horse?
"*A.* Yes."

On cross-examination, Sharon answered as follows:

---

[1] The change in language from old Court Rule No 64 (1945) to our present rule on this matter does not affect our status as a reviewing court. As Justice BLACK writing for this Court, stated in a footnote to *Kevreson* v. *Michigan Consolidated Gas Company* (1965), 374 Mich 465, 467:

"Former Court Rule No 64 (1945) provided that 'Appellant may assign as error that the judgment is against the preponderance of the evidence.' This has been changed to 'Appellant may assign as error that the finding on the issue tried without a jury is clearly erroneous.' GCR 1963, 810. The change of wording does not affect our status as a reviewing Court."

"*Q.* Now, Sharon, how did you fall when you got off the horse? Had you already gotten down and were walking and tripped over the bottle, or did you hit the bottle as you got off the horse? Or don't you remember?

"*A.* I fell off.

"*Q.* You fell off the horse?

"*A.* I don't remember.

\* \* \*

"*Q.* Did you put your foot in the stirrup to get down?

"*A.* No.

"*Q.* Did you get off the horse first? [before her playmate]

"*A.* I don't remember."

After the attorneys had interrogated Sharon, the judge engaged her in the following colloquy:

"*The Court:* Sharon, I want to ask you one question. Then I think we will be done, unless someone else has anything further.

"You said at one time that you got off the horse. The other time you fell off. Now, did you fall off or did you step off? How did you get off the horse?

"*The Witness:* There is this thing that you get off—something like—. See, there is this horse. And then there is this thing at the bottom. And you get off the horse, and then you go down on the floor.

"*The Court:* Well, how did you get off the horse? Did you fall off or did you step off after your girlfriend had finished, after the ride was over?

"Do you understand what my question is? My question is: How did you get off the horse? Did you get down by yourself? Or did you slide off? Or fall off? Do you remember?

"*The Witness:* No, I think—

"*The Court:* I can't hear you.

"*The Witness:* I think I fell off, but I can't remember."

This is all of the pertinent testimony.

The testimony can by no means be called precise or categorical. However, her first response to both defendant's attorney and the trial judge was that she "fell." In addition to defendant's attorney she indicated that she hadn't put her foot in the stirrup on dismounting, which would be consonant with falling.

The testimony that the Court of Appeals relied on to establish a situation different from injury while dismounting is Sharon's response to the first question on cross-examination relating to this situation, when she said: "When we got off, and I fell over the bottle." It is arguable that this should be construed to mean that after the momentum of dismounting, Sharon "fell over the bottle." However, further on in direct examination, Sharon answered "Yes" to the question "Did you trip over that, or fall over that [bottle] *as you were sliding off the horse?*" The "Yes" answer is logical only if she interpreted "sliding off the horse" in connection with both the tripping or the falling. This would tend to indicate that the actions of getting off and falling in the first question were sequential rather than separate, in other words, getting off the horse and getting cut by glass were all part and parcel of the same momentum.

Even if our analysis of the last exchange of question and answer were demonstrably false, it is not logical to say that the response "When we got off, and I fell over the bottle" so clearly means that the falling over the bottle was separate and apart from the getting off that a court without benefit of viewing the witness can be presumed to be a better judge of the answer than the trial judge. Furthermore, whether on the spot as the trial judge was, or on review of the record, this particular re-

sponse must be read in the light of the witness's other replies relating to her falling off while it appears to this Court, without so finding, more likely that the accident occurred in connection with dismounting rather than separate from it, the best that can be said for the conclusion that the witness gave two separate distinct answers, as the Court of Appeals finds, rather than one hazy one, as the trial court finds, is that if it cannot be said one finding is clearly erroneous, it is difficult to say the other is either.

On the basis of our consideration of the above testimony we cannot conclude that the trial judge's finding about Sharon that "in getting off [the horse] she was cut on a glass object on the floor," was clearly erroneous. Because of this we do not find it necessary to consider the Court of Appeals arguments based on the assumption of "the evidence being equiponderant at best".

The Court of Appeals is reversed with costs to plaintiff and the judgment is reinstated.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.