VICE v THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.

Opinion of the Court

1. Judgment—Judgment Notwithstanding the Verdict—Evidence
—Inferences.
    A judgment notwithstanding the verdict for a defendant is appro-
priate only if the facts taken inferentially in favor of the
plaintiff preclude judgment for plaintiff as a matter of law;
where upon review of the evidence the jury's verdict reflects a
finding which is more than mere conjecture and the evidence
supports the jury's finding of active negligence the verdict is
reinstated.

Dissent by Bashara, P. J.

2. Judgment—Judgment Notwithstanding the Verdict—Evidence
—Proofs—Inferences.
    *A trial judge properly granted a judgment notwithstanding the
verdict for a defendant in a negligence case involving a fall in a
supermarket where the proofs failed to show any fact adducing
a dangerous condition which the defendant knew of or should
have known of and no evidence was presented to the jury to
support an inference that defendant had actual or constructive
knowledge of a dangerous condition.*

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 February 7, 1974, at Detroit.
(Docket No. 16784.) Decided May 1, 1974.

Complaint by Ronald Vice and Maudena Vice
against The Great Atlantic and Pacific Tea Com-
pany, Inc., for damages resulting from a fall. Judg-

References for Points in Headnotes
[1, 2] 46 Am Jur 2d, Judgments §§ 106–108.
    Practice and procedure with respect to motions for judgment not-
withstanding or in default of verdict under Federal Civil Proce-
dure Rule 50(b) or like state provisions. 69 ALR2d 449.

ment for defendant notwithstanding the verdict. Plaintiff appeals. Reversed with instructions to reinstate the jury's verdict.

*Gage, Brukoff, Dubin & Siudara* (by *Richard A. Lenter),* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.* (by *Michael M. Hathaway),* for defendant.

Before: BASHARA, P. J., and DANHOF and R. L. SMITH,* JJ.

DANHOF, J. In this negligence action, plaintiffs appeal from the trial court's entry, in favor of defendant, of judgment notwithstanding the jury's verdict, GCR 1963, 515.2.

Judgment notwithstanding the verdict on defendant's motion was appropriate only if the facts taken inferentially in favor of plaintiffs preclude judgment for plaintiffs as a matter of law. *Huhtala v Anderson,* 15 Mich App 693; 167 NW2d 352 (1969). *Kroll v Katz,* 374 Mich 364; 132 NW2d 27 (1965).

The evidence viewed in the light most favorable to plaintiffs was as follows: Frost and ice had been allowed to accumulate on two packages of frozen squash in defendant's store. The two packages, which were stuck together, were held by defendant's employee for Mrs. Vice's inspection over the aisle where she was standing. While the packages were thus held, a conversation ensued which lasted from three to five minutes. Mrs. Vice saw the ice melting as defendant's employee talked to her. She did not see moisture drop to the floor. As the conversation ended and Mrs. Vice turned to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

leave, her foot slipped from under her. As a result of this fall, Mrs. Vice suffered a fractured hip. At the time of her injury, she was wearing shoes with nonslip soles. There was no evidence that she twisted her ankle. She testified that she did not trip. She was conscious of events prior to, during, and after her fall—therefore she did not faint. Because she was in extreme pain, Mrs. Vice did not inspect the floor. Although defendant's employees did inspect the aisleway, all parties are agreed that Mrs. Vice was dragged from the place where she fell to a room where she remained until an ambulance was called. Moisture, therefore, could have been wiped away by her coat, on top of which she fell. Defendant's employees did not inspect her shoes and coat for moisture. One of defendant's employees testified that if frost were allowed to accumulate on packages on frozen food, a dangerous condition in the aisleways could result when the packages were placed in shopping carts. Thus, efforts were periodically made to keep the frozen food packages free of frost.

Included in the trial court's instructions to the jury were Michigan Standard Jury Instructions 1.03 (on circumstantial evidence of negligence) and 1.04 (on jurors taking into account their ordinary experience and observations in the affairs of life). The jury found defendant negligent and awarded damages in the sum of $10,000.

The jury's verdict reflects a finding that Mrs. Vice's fall was caused by moisture in the aisle and that the source of the moisture was the melting frost. Given the evidence, this is more than mere conjecture. That there may have been other plausible theories of cause and effect does not justify setting aside the determination of the triers of fact. *Ruemenapp v National Food Stores, Inc,* 385 Mich 648; 189 NW2d 330 (1971).

*Galloway v Sears, Roebuck & Co,* 27 Mich App

348; 183 NW2d 354 (1970), is distinguishable from
the case at bar, since causation of the slip and fall
was not there an issue. *Galloway* turned on the
absence of proofs by plaintiff that defendant knew
or should have known of an admittedly unsafe
condition. See also *Serinto v Borman Food Stores,*
380 Mich 637; 158 NW2d 485 (1968). In the instant
case, the evidence supports the jury's finding of
active negligence on the part of defendant's em-
ployee.

The judgment of the trial court is reversed, with
instructions to reinstate the jury's verdict. Costs to
plaintiffs.

R. L. SMITH, J., concurred.

BASHARA, P. J. *(dissenting).* I must respectfully
dissent from the majority holding. It is my opinion
that the trial judge properly granted judgment
notwithstanding the verdict.

The sole evidentiary fact bearing on the possibil-
ity of defendant's negligence was that there was
frost on some squash being shown to plaintiff
Maudena Vice in defendant's store. As Mrs. Vice
turned to leave the area she slipped and fell
incurring injuries. An examination of the record
reveals no testimony whatsoever to show any sub-
stance upon the floor to cause plaintiff to slip.
Neither plaintiffs' nor defendant's witnesses pro-
duced any fact adducing a dangerous condition
which defendant knew of or should have known of.

It is true that an inference can be raised that
the defendant had actual or constructive knowl-
edge of a dangerous condition, but there must be
some evidence presented to the jury to support
such an inference. *Galloway v Sears, Roebuck &
Co,* 27 Mich App 348; 183 NW2d 354 (1970). Here
no such evidence was presented.

I, therefore, vote to affirm.