HALL *v.* WOOD

1. NEGLIGENCE—INVITEES—REASONABLY SAFE PREMISES.

An invitor owes a duty to his invitees to maintain his premises in a reasonably safe condition and to exercise due care to prevent the existence of conditions which he knows, or should know, might cause injuries to his invitees.

2. NEGLIGENCE—QUESTION OF LAW.

The question of negligence, whether it be of the defendant or of the plaintiff, is a question of law for the court only where the facts are such that all reasonable men must draw the same conclusions from them.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

Question whether defendant-invitors were negligent in failing to maintain their premises in a reasonably safe condition or whether plaintiff-invitee was contributorily negligent in not seeing an open trapdoor in defendant's premises, were questions of fact for the jury where the evidence was conflicting and it could not be said from the record that all reasonable men would draw the same conclusions or inferences from the facts; therefore the trial court properly denied plaintiff's request to instruct the jury that defendants were guilty of negligence as a matter of law.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 96 *et seq.*
[2–5] 38 Am Jur, Negligence § 344 *et seq.*

4. NEGLIGENCE—EVIDENCE—QUESTION OF FACT.

    A motion for a new trial on the ground that the verdict was against the great weight of the evidence and a motion for a directed verdict of negligence were properly denied where conflicting evidence created questions whether a warning, if any, should have been perceived by the plaintiff from a chain across a door, whether the plaintiff made careful observations while in the room where the accident occurred, whether an open trapdoor in the room would be obvious to a person using ordinary care under the circumstances, and questions of the possibility that the plaintiff was wearing sunglasses when he entered the room, of the availability of other lighting in the room if the plaintiff had wanted to use it, and of whether the plaintiff stepped without looking.

5. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — INVITEES — INSTRUCTIONS TO JURY.

    Use of the word "any" by the trial court in jury instructions on the issue of plaintiff-invitee's contributory negligence was not error where the instructions, read as a whole, show that the court was not speaking of degrees of negligence or suggesting that "slight negligence" would bar recovery but repeatedly made it clear that only plaintiff's negligence, if any, which proximately caused his injury would preclude his recovery, and where a question by the jury foreman clearly showed that the jury understood that the degree of negligence by either party made no difference.

Appeal from Calhoun, Ronald M. Ryan, J. Submitted Division 3 June 4, 1970, at Grand Rapids. (Docket No. 7,077.) Decided August 25, 1970.

Complaint by Gordon L. Hall and Florence E. Hall, his wife, against Arlie Wood, Edna Wood, Maxine Despins, and Marjorie Monarch for damages arising out of a fall through a trap door. Directed verdict for defendant Monarch. Judgment on the jury verdict of no cause of action as to defendants Maxine Despins, Arlie Wood, and Edna Wood. Plaintiffs appeal as to defendants Maxine Despins, Arlie Wood and Edna Wood. Defendant Despins cross appeals. Affirmed.

*Allen, Worth & Calderone,* for plaintiffs.

*Troff, Lilly, Bonow, Piatt & File,* for defendant Maxine Despins.

*Ryan, Boerma, Kail & Thompson,* for defendants Arlie Wood and Edna Wood.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS,* JJ.

BYRNS, J. This is a personal injury case. Plaintiffs appeal a jury verdict of no cause of action.

On September 6, 1966, plaintiff Gordon Hall, a self-employed repairman, was called to defendants' building to pick up a cash register in need of repair. The building was owned by defendants Monarch and Despins (formerly Squires). The premises in question were leased to defendants Arlie Wood and Edna Wood doing business as the Idle Hour Tavern. The plaintiff was told that the cash register was in the backroom. After parking his truck in the rear of the tavern, he entered the backroom. After removing a chain across the doorway, and while in the process of removing the register, he fell through an open trapdoor, injuring himself.

The plaintiff and his wife, who claims for derivative losses, assert that the defendants breached their their duty to maintain the premises in a reasonably safe condition. Defendants deny any negligence and claim that plaintiff was guilty of contributory negligence. Plaintiffs do not appeal the no cause of action verdict in favor of the defendant Monarch.

As invitors, defendants owe a duty to their invitees, including plaintiffs, to maintain the premises

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in a reasonably safe condition and to exercise due care to prevent the existence of conditions which the defendants knew or should have known might cause injuries. *Torma* v. *Montgomery Ward & Co.* (1953), 336 Mich 468, 476. In *Blakeley* v. *White Star Line* (1908), 154 Mich 635, 637 (19 LRA NS 772, 129 Am St Rep 496), the Supreme Court quoted Cooley on Torts (1st ed), p 605, with approval:

"One is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to reasonably be sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit."

Appellants claim that the court erred in its instructions to the jury. However, the court's instructions to the jury when considered as a whole fairly and fully presented the law applicable to the issues and were generally sufficient. *Martiniano* v. *Booth* (1960), 359 Mich 680; *Graham* v. *United Trucking Service, Inc.* (1950) 327 Mich 694; *Samuelson* v. *Olson Transportation Co.* (1949), 324 Mich 278.

Appellants further claim that the lower court erred in refusing to instruct the jury that as a matter of law the defendants were negligent and also claim that the trial court erred in refusing a new trial on the ground that the verdict was against the great weight of the evidence.

The crucial inquiries are: Did the record raise a question of fact as to whether or not defendants exercised proper precautions for plaintiff Gordon Hall when he entered the backroom so that the trial court was correct in denying the request to instruct

the jury that the defendant was guilty of negligence as a matter of law? Did the record contain facts which would support the jury's no cause of action verdict for the defendants whether it be on the claims of negligence against the defendants or the claim of contributory negligence as a proximate cause, so that the trial court should not have granted a new trial to the plaintiffs?

The question of negligence, whether it be the defendants' or plaintiff's, is considered one of law, for the court, only where the facts are such that all reasonable men must draw from them the same conclusions. *Barnebee* v. *Spence Bros.* (1962), 367 Mich 46; *Torma* v. *Montgomery Ward & Co.* (1953), 336 Mich 468. With many facts in dispute on the question of both negligence and contributory negligence, it cannot be said by this Court from the record that all reasonable men would draw the same conclusions or inferences from the facts in the instant case. Negligence, therefore, was a question for the jury and not the court, on both the motion for the directed verdict and for a new trial.

"If evidence on which reasonable men could differ was submitted, the question of liability is one of fact for jury determination." *Huhtala* v. *Anderson* (1969), 15 Mich App 693, 696.

A fair reading of the testimony of several witnesses shows a valid conflict in several important elements of this case, requiring determinations by a jury of both the alleged negligence of defendants and contributory negligence of the plaintiff: the warning, if any, to be perceived by plaintiff Gordon Hall because of the chain across the door; whether or not the plaintiff made careful observations while in the room; the amount of illumination in the room and its effect on visibility in the room; whether or

not the open trapdoor would be obvious to a person using ordinary care under the circumstances; the possibility that the plaintiff was wearing sunglasses when he entered the room; the availability of other lighting in the room if the plaintiff had wanted to use it; the fact that the plaintiff stepped without looking; all these—and more—were evidentiary elements in this case.

There was legally sufficient admissible evidence to support both the plaintiffs' and the defendants' theories. There were factual disputes, based upon this legally sufficient evidence. The resolution of these disputes was the exclusive function of the jury. As pointed out by Honigman and Hawkins in their treatise, "Michigan Court Rules Annotated", (2 ed) vol 3, p 113:

"On the other hand, it would be error for the trial judge to grant a new trial simply because he might draw different inferences from the evidence, resolve conflicting testimony in a different way, reach a different conclusion as to the credibility of witnesses, or prefer a different decision as between permissible alternatives."

Plaintiffs further claim error because the trial court at times used the word "any" in referring to contributory negligence. In reviewing this claim it must be remembered that instructions must be considered in their entirety. *Leach* v. *Fisher* (1956), 345 Mich 65, 78; *Cooper* v. *Tranter Manufacturing, Inc.* (1966), 4 Mich App 71, 79.

The plaintiffs' claim takes the trial court's use of the word "any" out of the context of the instructions given to the jury, and gives the word a meaning and use which a fair reading of the instructions does not merit. A review of the court's instructions in their entirety shows that the court was not, when it used

the word "any", speaking of degrees of negligence or suggesting that "slight negligence" would bar the plaintiffs' recovery.

The court repeatedly made it clear that only plaintiff's negligence which proximately caused his injury would bar the plaintiffs from recovery. The instructions were not speaking of degrees of negligence. This is not the fact situation of *Mack* v. *Precast Industries, Inc.* (1963), 369 Mich 439, 452, (16 references which spoke contributory negligence—"however slight"). It is in keeping with *Ortega* v. *Veenstra* (1969), 382 Mich 210, 216.

The plaintiffs' interpretation also ignores the supplemental instructions given by the judge in reply to the question asked by the jury foreman which clearly showed that the jury understood that the degree of negligence by either party made no difference.

*"Mr. Foreman:* Yes. And as I understand it now, Judge, the degree of the negligence on the part of either parties makes no difference?

*"The Court:* That is right; no degree is involved. It is just a case of whether in the plaintiffs' case, whether or not he was guilty of any negligence, which proximately contributed to these injuries. You don't determine the negligence of the party by degree. We don't compare them in Michigan."

It might also be noted here that the plaintiffs never objected to the trial court's use of the word "any" when the use was made, nor requested any clarifying remarks or instructions by the court in case any doubt really did exist.

The plaintiffs also complain that the trial court failed to give certain proffered instructions, and therefore committed error. The plaintiffs' requested jury instructions 1, 3, and 4, were either ar-

gumentative, incomplete, or incorrect in law or conclusions of law, where there was an issue of fact for the jury. The trial court properly refused to give them as presented by the plaintiffs.

Judgment affirmed. Costs to appellees.

All concurred.